UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE PATTERSON,<br>    Plaintiff, | :<br>:   CASE NO. 3:16-cv-1917 (MPS)<br>: |
| v. | :<br>: |
| NURSE ANNA, et al.<br>    Defendants. | :<br>:   January 9, 2018 |

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

On November 21, 2016, plaintiff Lawrence Patterson, a former inmate of the Connecticut Department of Correction ("DOC"), brought a civil complaint (ECF No. 1) *pro se* under 42 U.S.C. § 1983 against Anna Okonkwo and Nancy Walton,[1] two nurses employed at the Bridgeport Correctional Center ("BCC") in Bridgeport, Connecticut, in their individual and official capacities for damages and declaratory relief. The complaint is based on events that allegedly occurred in August and October of 2011 while the plaintiff was incarcerated at BCC.[2] On December 9, 2016, this Court issued its Initial Review Order (ECF No. 10) permitting the complaint to proceed against the defendants. In so ruling, however, the Court noted that the plaintiff's claims may be time-barred by the three-year statute of limitations under Conn. Gen. Stat. § 52-577 unless the plaintiff's case satisfies the continuing violation doctrine or the equitable tolling doctrine. *See* Initial Review Order at 3. The defendants answered the complaint on September 20,

---

[1] At the time he filed his complaint, the plaintiff identified the defendants only as "Nurse Anna" and "Nurse Nancy." Discovery later revealed their last names.

[2] The plaintiff has since been released from DOC custody.

2017. Answer (ECF No. 31). Among the affirmative defenses asserted, the defendants argued that the plaintiff's claims were barred by the statute of limitations. *Id.* at 6.

On May 5, 2017, the plaintiff filed a motion for summary judgment (ECF No. 19). He asserts that his claims against the defendants are not time-barred and that there are no genuine issues of material fact with respect to their liability. The defendants filed an opposition to the plaintiff's motion on October 13, 2017, arguing that the plaintiff's claims are unsupported and that the evidence shows "clear disputes of material fact." Defs.' Mem. of Law in Opp'n to Pl.'s Mot. Summ. J. (ECF No. 42). On October 23, 2017, the defendants filed their own cross-motion for summary judgment (ECF No. 50). They argue that the plaintiff's claims are barred by the statute of limitations and that the plaintiff is not entitled to tolling under either the continuing violation or equitable tolling doctrines. Mem. in Supp. of Defs.' Mot. Summ. J. (ECF No. 59). The plaintiff counters that the limitations period under § 52-577 should be tolled under the circumstances of his case. Pl.'s Mem. in Opp'n to Defs.' Mot. Summ. J. (ECF No. 63). For the following reasons, the Court will deny the plaintiff's motion for summary judgment and grant the defendants' cross-motion for summary judgment.

I.      Relevant Legal Principles

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine disputes of material fact and that he or she is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on the evidence in the record. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Dister v.*

*Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (mere existence of alleged factual dispute will not defeat summary judgment motion). The moving party may satisfy this burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curium) (internal quotation marks and citations omitted).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* In reviewing the record, the court must "construe the evidence in the light most favorable to the non-moving party and . . . draw all reasonable inferences in [his] favor." *Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted).

Where one party is proceeding *pro se*, the court must read the *pro se* party's papers liberally and interpret them "to raise the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted). Despite this liberal interpretation, however, "[u]nsupported allegations do not create a material issue of fact" and cannot overcome a properly supported motion

for summary judgment. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000), *cert. denied*, 540 U.S. 811 (2003).

II.   Facts

The following facts are taken from the parties' Local Rule statements and from the record. They are undisputed unless otherwise indicated.

The plaintiff was incarcerated at BCC from August 4, 2011 until August 9, 2011. Pl.'s Local Rule 56(a)1 Statement ("L.R. 56(a)1 Stmt.") (ECF No. 19-1) ¶ 1; Defs.' Local Rule 56(a)2 Statement ("L.R. 56(a)2 Stmt.") (ECF No. 42-1) ¶ 1; Defs.' L.R. 56(a)1 Stmt. (ECF No. 57) at ¶ 1.  On a number of occasions during those dates, the plaintiff allegedly complained to defendant Okonkwo about severe abdominal pain. Compl. 4; Pl.'s L.R. 56(a)1 Stmt. at ¶ 2; Aff. of Nurse Anna Okonkwo ("Okonkwo Aff.") (ECF No. 42-3) at ¶ 5.  Okonkwo has no recollection of treating the plaintiff at BCC.  Okonkwo Aff. at ¶ 14.  According to the plaintiff, Okonkwo "refused to let [him] see the doctor" at that time and told him to file a written Inmate Request form for a doctor's appointment, which he says he did.  Compl. 4; Defs.' L.R. 56(a)1 Stmt. at ¶ 6.  Okonkwo avers, however, that her review of the plaintiff's medical history shows no record of his filing an Inmate Request Form from August 4 to August 9.  Okonkwo Aff. at ¶¶ 8, 22.  On August 5, the plaintiff told Okonkwo that the pain was worsening, and Okonkwo responded by saying that it "was probably the flu." *Id.* at ¶ 9.  Although she does not recall treating the plaintiff, Okonkwo affirms that, when a patient complains of pain and her observations and interactions with the patient show no signs of grave distress, her customary practice is to instruct the patient to submit an Inmate Request Form to see the doctor. *Id.* at ¶ 23; Defs.' L.R. 56(a)1 Stmt. at ¶ 7.

4

On August 9, a correction officer at BCC reported to the medical unit that the plaintiff was suffering from abdominal pain. Defs.' L.R. 56(a)1 Stmt. at ¶ 9. Nurse Birks transported the plaintiff to the medical unit where Dr. Elderkin ordered that the plaintiff be sent to the emergency room at St. Vincent's Hospital. *Id.* at ¶¶ 10–13; Pl.'s L.R. 56(a)1 Stmt. at ¶ 3. There, it was revealed that the plaintiff, who has a history of diverticulitis, had an acute pneumoperitoneum, a perforated viscus, and perforated diverticulitis. Defs.' L.R. 56(a)1 Stmt. at ¶ 14. The plaintiff underwent surgery for his condition. *See id.* at ¶ 15; Pl.'s L.R. 56(a)1 Stmt. at ¶ 3. He returned to BCC on October 5, 2011. Defs.' Ex. 5 (ECF No. 50-7) at 5.

Medical records show that, upon his return to BCC, defendant Walton assisted the plaintiff with changing the dressing on his surgical wound. Defs.' L.R. 56(a)1 Stmt. at ¶ 16. Like Okonkwo, however, Walton has no recollection of treating the plaintiff. *Id.* at ¶ 18; Aff. of Nurse Nancy Walton ("Walton Aff.") (ECF No. 42-2) at ¶ 10. The plaintiff alleges that Walton refused to change his colostomy bag on October 16, 2011, after it had broken open. Pl.'s L.R. 56(a)1 Stmt. at ¶ 9; Defs.' L.R. 56(a)1 Stmt. at ¶ 17. It was Walton's usual and customary practice to provide patients with materials and supplies to change their colostomy bags. Walton Aff. at ¶ 22. According to Walton's review of the Department of Correction Unit Log, the plaintiff notified correction officers around 8:00 p.m. on October 16 that the adhesive tape had come off his colostomy bag and needed to be reapplied. *See id.* at ¶ 30; Defs.' Ex. 4 (ECF No. 50-6) at 2. The correction officer spoke with Walton who informed him that Nurse Elizabeth would help the plaintiff. Walton Aff. at ¶ 30; Defs.' Ex. 4 at 2. Nurse Elizabeth then instructed the plaintiff to go to the medical unit. Walton Aff. at ¶ 30; Defs.' Ex. 4 at 2–3. Medical records show that

the plaintiff was seen by the medical unit the next morning and that his dressing was changed. Walton Aff. at ¶ 44; Defs.' Ex. 2 at 9.

On August 9, 2012, the plaintiff filed a written request with the State of Connecticut Office of the Claims Commissioner to sue the State of Connecticut for negligence based on inadequate medical treatment. Pl.'s L.R. 56(a)1 Stmt. at ¶ 4; Pl.'s Ex. D (ECF No. 19-7). In that request, the plaintiff alleged that he had complained to a nurse on August 4, 2011, that he was in pain. Pl.'s Ex. D. He did not, however, mention either Okonkwo or Walton by their first or last names in that complaint. *See* Defs.' L.R. 56(a)1 Stmt. at ¶¶ 24–25. On July 30, 2013, the State of Connecticut moved to dismiss the claim for lack of subject matter jurisdiction, asserting that the injury occurred outside the one-year time limitation established under Conn. Gen Stat. § 4-148(a). Defs.' L.R. 56(a)1 Stmt. at ¶ 26. On September 18, 2015, the Claims Commissioner issued a memorandum of decision authorizing the suit against the State of Connecticut. Defs.' Ex. 10 (ECF No. 50-11). The Commissioner found credible the plaintiff's allegation that the State "breached its duty of care to the [plaintiff] by failing to promptly provide medical treatment despite intense pain and suffering." *Id.* at 3. However, the Commissioner was not convinced that the plaintiff could prove "substantial damages" from the alleged breach. *Id.* There is no evidence in the record showing that the plaintiff filed a civil action in state court following the Claims Commissioner's authorization.

The plaintiff did not file this action until November 21, 2016. In his complaint, he alleged that the defendants violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his serious medical needs. Specifically, he alleged that Okonkwo acted with deliberate indifference by

refusing to let him see the doctor from August 4 to August 9, 2011, and that Walton acted with deliberate indifference by refusing to change his colostomy bag on October 16, 2011. The defendants did not receive notice of the action until February 17, 2017. Defs.' L.R. 56(a)1 Stmt. at ¶¶ 31, 35; Okonkwo Aff. ¶ 27; Walton Aff. at ¶ 46.

III.    Analysis

The plaintiff claims he is entitled to summary judgment in his favor because there are no genuine issues of material fact with respect to his Eighth Amendment claim against the defendants. *See* Pl.'s Mem. of Law in Supp. of Mot. Summ. J. (ECF No. 19-4) at 5. However, as shown above, there are several material facts still in dispute. Neither defendant recalls treating the plaintiff in the fall of 2011. Okonkwo Aff. at ¶ 14; Walton Aff. at ¶ 10. Further, although the record shows that Okonkwo instructed the plaintiff to file an Inmate Request Form to see the doctor, there is no evidence that she took steps to prevent him from receiving medical care from August 4 to August 9, 2011. With respect to Walton, the record shows that she did provide him medical care on October 6, and, when the plaintiff requested assistance with his colostomy bag on October 16, she instructed Nurse Elizabeth to assist him. Defs.' L.R. 56(a)1 Stmt. at ¶ 16; Walton Aff. at ¶ 30. Nevertheless, the plaintiff maintains that his allegations show that both defendants were deliberately indifferent to his medical care. Because the record still shows genuine issues of material fact, particularly regarding the defendants' responses to the plaintiff's medical requests, the plaintiff is not entitled to judgment as a matter of law. His motion for summary judgment (ECF No. 19) is, therefore, DENIED.

The defendants' motion for summary judgment (ECF No. 50) is grounded on the claim that the plaintiff's case is barred by the three-year statute of limitations for § 1983

actions. They argue that there is no genuine issue of material fact with respect to when the events that gave rise to the complaint occurred and when the complaint was filed. The plaintiff does not dispute those dates but argues that the court should toll the limitations period under the continuing violation doctrine and/or the equitable tolling doctrine. The court agrees with the defendants that the plaintiff's case is time-barred and that tolling of the limitations period is not warranted.

Section 1983 claims arising in Connecticut are governed by the three-year limitations period set forth in § 52-577. *Harnage v. Torres*, 665 F. App'x 82, 83 (2d Cir. 2016); *Lounsbury v. Jeffries*, 25 F.3d 131, 132–34 (2d Cir. 1994). "Although a federal court looks to state law to determine the applicable statute of limitations for claims arising under section 1983, it must look to federal law to determine when a federal claim accrues." *Castillo v. Hogan*, 14 Civ. 1166 (VAB), 2016 WL 706167, *3 (D. Conn. Feb. 22, 2016) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The Second Circuit has held that accrual occurs when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Harnage*, 665 F. App'x at 83 (quoting *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013)).

In this case, the plaintiff does not dispute the date upon which his Eighth Amendment claim against the defendants accrued or the date he commenced this action in federal court. At the latest, his claim accrued on October 16, 2011, when defendant Walton allegedly refused to assist him in changing his colostomy bag. He did not commence this action until November 21, 2016, more than five years after the accrual date. This far exceeds the three-year limitations period permitted by § 52-577. Therefore, the plaintiff's Eighth Amendment claim is time-barred.

The plaintiff argues that the three-year limitations period should be tolled, however, for two reasons. First, he argues that "the defendant[s] committed an initial wrong upon [him], owed a continuing duty to [him] that was related to the initial wrong upon [him], and breached that duty." Pl.'s Mem. in Opp'n to Defs.' Mot. Summ. J. at 4 (citing *Witt v. St. Vincent's Med. Ctr.*, 252 Conn. 363 (2000)). Second, he argues that he is entitled to equitable tolling because he (1) was unable to obtain the names of the defendants until "right before his filing;" and (2) "had to first file his claim with the [C]laims [C]ommissioner and ask for permission to [s]ue the state befor[e] he could file hi[s] complaint in federal court." *Id.* at 1–2.

With respect to his first argument, it appears the plaintiff is attempting to assert that his claim satisfies the continuing violation doctrine, which the Second Circuit has made applicable to deliberate medical indifference claims under the Eighth Amendment. *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009). "To assert a continuing violation for statute of limitations purposes, the plaintiff must allege both the existence of an ongoing policy of deliberate indifference to his or her serious medical needs and some non-time-barred acts taken in the furtherance of that policy." *Id.* (internal quotation marks and alterations omitted). The plaintiff, however, has not alleged any facts showing that the defendants' actions amounted to a "policy" or that either defendant committed any acts within the limitations period that might be described as being "in furtherance of" such a policy. His Eighth Amendment claim against defendant Okonkwo is based on her alleged refusal to let him see a doctor from August 4 to August 9, 2011, and his claim against Walton is based on her refusal to help him with his colostomy bag on October 16, 2011. The plaintiff acknowledges that he received treatment for his abdominal pain on

9

August 9, 2011, and that other medical personnel did assist him with his colostomy bag on October 16, 2011. *See* Defs.' Ex. 18 (ECF No. 50-19) at 5–7. There are no facts suggesting that the defendants' discrete acts were part of a "policy" of deliberate indifference or that either committed any acts after October 16, 2011. Therefore, the continuing violation doctrine does not apply to the plaintiff's claim and does not toll the limitations period.[3]

The plaintiff's second argument is one of equitable tolling. "Equitable tolling permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Colon v. Potter*, 51 F. App'x 43, 46 (2d Cir. 2002) (internal quotations omitted). Application of the equitable tolling doctrine is "only appropriate in rare and exceptional circumstances . . . in which a party is prevented in some extraordinary way from exercising his rights . . . ." *Id.* (internal quotation marks and citations omitted). The party seeking equitable tolling bears the burden of proving that he acted with reasonable diligence during the time he seeks to have tolled. *See id.* Here, the plaintiff argues that he was unable to obtain the names of the defendants until shortly before filing his complaint on November 21, 2016. However, the plaintiff could have filed suit against both defendants as "Jane Does" until he was able to identify both of their names in

---

[3] The language and case law actually invoked by the plaintiff suggest he may also be asserting a somewhat different Connecticut state-court tolling doctrine known as "continuous course of conduct," (*see* ECF No. 63 at 4), but that doctrine does not apply here either. Under that doctrine, a statute of limitations may be tolled if there is evidence of a breach of duty that remained in existence after the commission of an initial wrong. There is no such evidence in the record. The plaintiff had no further dealings with either defendant after December 2011, as he was never housed at the facility at which they worked after that time. There is no evidence to support the notion that either defendant worked at any other facilities at which he was housed or otherwise was involved in any way in his treatment after he left the Bridgeport Correctional Center in December 2011. (ECF No. 50-19 at 5, 7.) Consequently, no reasonable juror could find on this record that either defendant owed the plaintiff a duty that "remained in existence after commission of the original wrong related thereto" either because of a "special relationship between the parties giving rise to … a continuing duty or some later wrongful conduct of a defendant related to the prior act." *Witt v. St. Vincent's Med. Ctr.*, 252 Conn. 363, 369–70 (2000).

discovery. *See Glonti v. Stevenson*, 08 Civ. 8960 (CM), 2009 WL 311293, *10 (S.D.N.Y. Feb. 6, 2009) (rejecting plaintiffs' argument that limitations period should be tolled based on ignorance of their names at time complaint was filed). As the defendants point out, the plaintiff has filed multiple cases in this court, at least one of which involved "John Doe" and "Jane Doe" defendants, *see, e.g.*, *Cousineau v. Armstrong*, 95 Civ. 1084 (AVC) (D. Conn. Jun. 9, 1995),[4] and, thus, would be familiar with the procedure for suing defendants without knowing their full names. Further, the plaintiff was represented by counsel shortly after his claim arose and when he was pressing his claim against the State with the Claims Commissioner, (ECF No. 50-19 at 4; ECF No. 63-1 at 1, 11), and the record shows that DOC provided the plaintiff with copies of his medical records on October 4, 2011. (ECF No. 49 at 47–49.) Thus, the Court is not convinced that the plaintiff was unable, through due diligence, to obtain the names of these defendants during the time he seeks to have tolled.

The plaintiff's argument that he had to wait to commence this action until after the Claims Commissioner approved his request to sue the State is also without merit. There is no requirement that the plaintiff seek approval from the State Claims Commissioner before filing suit against state employees in federal court for constitutional violations, *see* Conn. Gen. Stat. §§ 4-142 et seq., and courts have rejected similar tolling arguments. *See Harnage*, 665 F. App'x at 83–84 (rejecting plaintiff's argument that filing state court complaint based on same facts alleged in federal complaint tolls statute of limitations for federal claims); *Perez v. O'Brien*, 14 Civ. 1054 (ADB), 2017 WL 690997, *3 (D. Mass. Feb. 21, 2017) (fact that plaintiff was litigating § 1983 claim in

---

[4] The plaintiff's former name was "Lawrence R. Cousineau." *See* Defs.' Ex. 11 (ECF No. 50-12) at 2.

11

state court does not constitute grounds for tolling); *Tavares v. New York City Health and Hospitals Corp.*, 13 Civ. 3148 (PKC)(MHD), 2015 WL 158863, *9 (S.D.N.Y. Jan. 13, 2015) (rejecting plaintiff's argument that medical malpractice action in state court tolls statute of limitations for federal case); *Cancel v. Mazzuca*, 01 Civ. 3129 (NRB), 2003 WL 1702011, *3 (S.D.N.Y. Mar. 28, 2003) (rejecting plaintiff's argument that court is required to toll limitations period for time in which he pursued state court remedy); *Berry v. Keller*, 157 F. App'x 227, 230 (11th Cir. 2005) (plaintiff not entitled to tolling for time spent pursuing relief in state court). Moreover, the claim the plaintiff sought to pursue in state court, but never did, was a common law negligence action against the State of Connecticut, rather than a constitutional claim against Nurses Okonkwo and Walton. *See* Defs.' Ex. 7 (ECF No. 50-8). None of the filings before the Claims Commissioner in the record identified either of the defendants in this action, and both defendants have submitted affidavits averring that they were unaware of the plaintiff's claims against them until they were served with the complaint in this action in February 2017. Thus, to permit tolling of the limitations period in this case would conflict with the well-established purposes of the statute of limitations, which are to "(1) prevent the unexpected enforcement of stale and fraudulent claims . . . and (2) . . . aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." *Tarnowski v. Socci*, 271 Conn. 284, 296 (2004) (quoting *DeLeo v. Nusbaum*, 263 Conn. 588, 596 (2003)). Neither defendant in this case had any reason to suspect that she would be subject to suit by the plaintiff in federal court, and, perhaps because of the significant lapse in time, neither recalls treating the plaintiff in the fall of 2011, when the

constitutional violations allegedly arose. Okonkwo Aff. at ¶ 14; Walton Aff. at ¶ 10. Therefore, the court is not convinced that the plaintiff is entitled to equitable tolling of the statute of limitations.

The plaintiff's reliance on *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 292 P.3d 871 (2013) is misplaced. There, the California Supreme Court held that a court "may suspend or extend the statute of limitations period when a plaintiff has reasonably and in good faith chosen to pursue one among several remedies and the statute of limitations' notice function has been served." *Id.* at 875. This holding is inapposite because the plaintiff's request for authorization to sue the State of Connecticut in state court did not put either defendant on notice that she would be sued in federal court. The plaintiff did not identify either of the defendants in the request, and there is no evidence in the record that he pursued a remedy against the State or any of its representatives after being granted the authorization from the Commissioner. Thus, the plaintiff is not entitled to equitable tolling.

The Court concludes that the case is barred by the three-year statute of limitations.

**ORDER**

(1) The plaintiff's motion for summary judgment (ECF No. 19) is denied. The defendants' motion for summary judgment (ECF No. 50) is granted.

(2) The plaintiff's motions for ruling on his motion for summary judgment (ECF Nos. 21, 27) are denied as moot. His motion for appointment of counsel (ECF No. 67) is also denied as moot.

(3) The Clerk is directed to enter judgment for the defendants, mail a copy of this ruling to the plaintiff, and close this case.

It is so ordered.

Dated at Hartford, Connecticut this 9th day of January 2018.

                                                       /s/
                                         Michael P. Shea, U.S.D.J.